UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WAGONER COUNTY RURAL WATER DISTRICT NO. 2, et al., | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | Case No. 07-CV-0642-CVE-PJC |
| UNITED STATES OF AMERICA, et al., | ) ) ) ) ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is Defendant Cherokee Nation's Motion to Dismiss and Brief in Support (Dkt. # 46). Defendant Cherokee Nation moves to dismiss the complaint as to it pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons set forth below, the Court finds that defendant's motion should be **granted**.

### I.

The Grand (Neosho) River flows into the Fort Gibson Reservoir located in Eastern Oklahoma. Dkt. # 2, at 5. The instant civil action arises from the control over and use of waters impounded at the Fort Gibson Reservoir. Id. at 6. Plaintiffs's complaint asserts that the Cherokee Nation "may claim some right, title or interest in and to the waters impounded at the Fort Gibson Reservoir, the water which flows . . . into the Fort Gibson Reservoir, or the subsurface ground water taken from water wells on land near the Fort Gibson Reservoir [(hereinafter "Fort Gibson water")]." Id. at 10. The complaint states that the Cherokee Nation is a federally recognized nation of American Indians. Id. at 3. According to plaintiffs, the Cherokee Nation should "come forth" and

assert any rights, title or interests that it may have in the Fort Gibson water. Id. The Cherokee Nation has filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## II.

Federal courts are courts of limited jurisdiction and, as the party seeking to invoke federal jurisdiction, plaintiffs bear the burden of proving that jurisdiction is proper. See Southway v. Cent. Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss under Fed. R. Civ. P. 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Here, defendants have facially attacked the sufficiency of the complaint's allegations as to the existence of subject matter jurisdiction. In analyzing such motions to dismiss, the Court must presume all of the allegations contained in the complaint to be true. Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995); see Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

## III.

The Cherokee Nation moves to dismiss on sovereign immunity grounds. The parties do not dispute that the Cherokee Nation is a federally recognized sovereign nation of American Indians.

See Dkt. # 2, at 3; Dkt. # 46, at 3. As a sovereign, the Cherokee Nation is entitled to immunity from suit "absent a clear waiver by the tribe or congressional abrogation." Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla., 498 U.S. 505, 507 (1991); see Kiowa Tribe of Okla. v. Apache Tribe of Mescalero Reservation, 673 F.2d 751, 754 (1998); Bank of Okla. v. Muscogee (Creek) Nation, 972 F.2d 1166, 1169 (10th Cir. 1992). The tribe's waiver of sovereign immunity must be unequivocally expressed, however, as waiver cannot be implied. Ramey Constr. Co., Inc. v. Apache Tribe of Mescalero Reservation, 673 F.2d 315, 319 (10th Cir. 1982). Plaintiffs do not allege that the Cherokee Nation has waived its sovereign immunity.

Plaintiffs claim instead that the "tribal sovereign immunity of the Cherokee Nation of Oklahoma has been abrogated by Congress' enactment of the McCarran Amendment." Dkt. # 50, at 2. The McCarran Amendment permits the joinder of the United States as a party defendant in any suit for the adjudication or administration of certain water rights. See 43 U.S.C. § 666(a); see also Colo. River Water Conservation Dist., 424 U.S. 800, 802-03 (1976). According to plaintiffs, "[b]ecause the Cherokee Nation's sovereign immunity is co-extensive with that of the United States and the McCarran Amendment waived the sovereign immunity of the United States regarding the adjudication of water rights, the sovereign immunity of the Cherokee Nation has also been waived." Dkt. # 50, at 2.

This Court finds that plaintiffs' argument is wholly without merit. As conceded by plaintiffs themselves, see id. at 3, the United States Supreme Court has held that the McCarran Amendment "did not waive the sovereign immunity of [American-]Indians as parties" to lawsuits brought under the Amendment. Ariz. v. San Carlos Apache Tribe of Ariz., 463 U.S. 545, 567 n.17 (1983). The McCarran Amendment waivedسov sovereign immunity only with respect to the reserved water rights

3

of the United States, which include those rights reserved on behalf of certain American-Indian tribes. Id. at 805, 809-10.  Here, the United States' waiver of immunity under the Amendment does not automatically extend to the Cherokee Nation simply because both entities possess coextensive sovereignty.  This Court concludes, therefore, that the Cherokee Nation's sovereign immunity has not been abrogated by Congress' enactment of the McCarran Amendment.[1]  Further, the Cherokee Nation itself has not unequivocally waived its sovereign immunity.  This Court lacks subject matter jurisdiction as to the Cherokee Nation absent a clear waiver.

**IT IS THEREFORE ORDERED** that Cherokee Nation's Motion to Dismiss and Brief in Support (Dkt. # 46) is hereby **granted**.  The Cherokee Nation is dismissed as a party.  Only the United States and its agencies remain as defendants in this action.

**DATED** this 26th day of February, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] In light of this holding, the Court need not consider the Cherokee Nation's remaining arguments.