UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAGONER COUNTY RURAL ) | |
| WATER DISTRICT NO. 2, et al., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 07-CV-0642-CVE-PJC |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| et al., ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Federal Defendants' Motion to Dismiss (Dkt. # 64). Defendants United States of America, Federal Energy Regulatory Commission ("FERC"), and United States Army Corps of Engineers ("USACE") (collectively "United States") move to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons set forth below, the Court finds that defendants' motion should be **granted**.

### I.

The instant civil action arises from the control over and use of waters flowing into and impounded at the Fort Gibson Reservoir, located in Eastern Oklahoma. Dkt. # 63, at 4-5. A brief recap of the procedural history is initially necessary. Originally, plaintiffs Wagoner County Rural Water Districts Nos. 2, 7, and 9, Cherokee County Rural Water District No. 11, Peggs Water Company, and Tri-B Nursery sued six state and federal entities as defendants. In previous opinions, the Court dismissed three of these defendants: Grand River Dam Authority ("GRDA"), Oklahoma Water Resources Board, and the Cherokee Nation of Oklahoma ("Cherokee Nation"). The Court

dismissed GRDA, the agency controlling and authorizing the use of waters flowing into the Fort Gibson Reservoir, and Oklahoma Water Resources Board, because these state agencies did not consent to suit in this Court. See Dkt. # 59. The Court dismissed the Cherokee Nation because the tribe likewise did not consent to suit in this Court. See Dkt. # 60. With three federal defendants remaining, plaintiffs amended their complaint.

In the amended complaint (Dkt. # 63), plaintiffs seek a declaratory judgment from this Court determining the ownership and use rights to the waters of the Grand (Neosho) River, the largest source of water flowing in the Fort Gibson Reservoir. Id. at 4, 7. Plaintiffs allege that the United States, in its own right and as trustee for the Indian Tribes of Oklahoma, "may claim some right, title or interest in and to the waters of the Grand River and its tributaries and/or the water impounded at the Fort Gibson Reservoir." Id. at 8. Essentially, plaintiffs seek an adjudication of water rights as between the current claimants – four rural water districts, one non-profit water company, and one nursery – and the United States. Plaintiffs assert that this Court has jurisdiction over the United States pursuant to the McCarran Amendment, 43 U.S.C. § 666. Id. at 3.

Plaintiffs have abandoned their claim against FERC and concede that this federal agency should be dismissed from this action. Dkt. # 65, at 2, 9. The Court now considers whether dismissal of the two remaining defendants is appropriate.

## II.

Federal courts are courts of limited jurisdiction and, as the parties seeking to invoke federal jurisdiction, plaintiffs bear the burden of proving that jurisdiction is proper. See Southway v. Cent. Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent

that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss under Fed. R. Civ. P. 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Here, defendants have facially attacked the sufficiency of the amended complaint's allegations as to the existence of subject matter jurisdiction. In analyzing such motions to dismiss, the Court must presume all of the allegations contained in the complaint to be true. Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

### III.

The United States moves to dismiss on the ground that it has not consented to this Court's jurisdiction. "Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued . . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Dalm, 494 U.S. 596, 608 (1990) (internal quotation marks and citation omitted); see Wyoming v. United States, 279 F.3d 1214, 1225 (10th Cir. 2002) ("Sovereign immunity generally shields the United States, its agencies, and officers acting in their official capacity from suit."). The United States consents to be sued, however, in certain adjudications involving water rights. See McCarran Amendment, 43 U.S.C. § 666; see also United States v. City of Las Cruces, 289 F.3d 1170, 1177 (10th Cir. 2002) ("The

amendment waives the United States' sovereign immunity in certain state water cases."). The McCarran Amendment states in pertinent part:

> Consent is given to join the United States as a defendant in any suit (1) for the adjudication of rights to the use of water of a river system or other source, or (2) for the administration of such rights, where it appears that the United States is the owner of or is in the process of acquiring water rights by appropriation under State law, by purchase, by exchange, or otherwise, and the United States is a necessary party to such suit.

Id. § 666(a).

Any adjudication of water rights must qualify as "comprehensive" or "general" for the McCarran Amendment waiver to apply. United States v. Dist. Court for Eagle County, 401 U.S. 520, 525 (1971) (noting that the McCarran Amendment's legislative history makes clear that § 666(a) is not "to be used for any other purpose than to allow the United States to be joined in a suit wherein it is necessary to adjudicate all of the rights of various owners on a given stream." (quoting S. Rep. No. 82-755, at 9)); Dugan v. Delano-Earlimart Irrigation Dist., 372 U.S. 609, 618 (1963) (finding the McCarran Amendment's waiver does not apply to private suits between named litigants and the United States where "all of the claimants to water rights along [a] river are not made parties"). "[A]ll water users on a stream, in practically every case, are interested and necessary parties to any court proceedings." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 811 (1976) (quoting S. Rep. No. 82-755, at 4-5 (1951)). The adjudication of water rights under the McCarran Amendment "has no exceptions and . . . includes appropriate rights, riparian rights, and reserved rights." Dist. Court for Eagle County, 401 U.S. at 524. In sum, under the McCarran Amendment, if all claimants are not before a tribunal, the United States has not consented to being sued. Miller v. Jennings, 243 F.2d 157, 159 (5th Cir.), cert. denied, 355 U.S. 827 (1957); see Metro. Water Dist. of S. Cal. v. United States, 830 F.2d 139, 144 (9th Cir. 1987) (finding that the McCarran

Amendment waiver does not apply to "private suits to decide priorities between the United States and particular claimants").

Here, the parties do not dispute that for the McCarran Amendment waiver to apply, the adjudication must involve all of the claimants to water rights along the relevant water source. See Dkt. # 64, at 6; Dkt. # 65, at 3-4. The parties dispute instead whether this adjudication qualifies as "comprehensive" under the McCarran Amendment. Plaintiffs argue that this suit is comprehensive because all persons with undetermined claims are parties to this action. Dkt. # 65, at 6. According to plaintiffs, the McCarran Amendment does not require the adjudication of a party's water rights where those rights have already been determined. Id. at 7 (discussing District Court for Eagle County, 401 U.S. at 525). Plaintiffs argue that because the United States Supreme Court already determined GRDA's rights to the waters of the Grand River in United States v. Grand River Dam Authority, 363 U.S. 229 (1960), GRDA need not be present in this "supplemental" adjudication for the McCarran Amendment waiver to apply. Id. at 8. Plaintiffs further argue that "because all other users of water from the Grand River Watershed derive their rights from GRDA (wh[ich] has no rights), no other water users need to be made parties . . . ." Id. Plaintiffs do not address other potential water users, i.e., non-permitted users, who may fall outside GRDA's permitting system.

The Court finds that this adjudication is far from comprehensive and is an "attempt to adjudicate matters which affect the whole collection of rights" to the waters of the Grand River "in a proceeding which directly involves [nine] litigants only." California v. United States, 235 F.2d 647, 663 (9th Cir. 1956). To begin, GRDA must be a party to this adjudication. Regardless of whether the McCarran Amendment permits parties with predetermined rights to be absent from "supplemental" adjudications, see District Court for Eagle County, 401 U.S. at 525, the United

States Supreme Court did not determine GRDA's rights to the water at issue in <u>Grand River Dam Authority</u>, 363 U.S. at 232-36. The Court merely found that the United States possessed the superior right under the Commerce Clause to build the Fort Gibson dam or to license another to do so. <u>Id.</u> at 236. The Court did not decide the totality of GRDA's rights to the water in the Grand River vis-a-vis the United States or any other potential claimant. In fact, the Court expressly left unanswered the United States' contention that its rights preempted state-created property rights in nonnavigable waters. <u>Id.</u> at 232. Contrary to plaintiffs' assertion, therefore, GRDA's rights have not been determined.

Because the Court already has dismissed GRDA, the Court must dismiss the United States as well.[1] The McCarran Amendment waiver does not apply unless all potential claimants, including GRDA, are parties to this adjudication. In light of this conclusion, the Court need not consider the parties' arguments regarding permitted and non-permitted appropriators.

**IT IS THEREFORE ORDERED** that Federal Defendants' Motion to Dismiss (Dkt. # 64) is hereby **granted**. The remaining defendants, United States of America, Federal Energy Regulatory Commission, and United States Army Corps of Engineers, are dismissed as parties to this action. Because no defendants remain, plaintiffs' amended complaint (Dkt. # 63) is dismissed as well. A separate judgment of dismissal is entered herewith.

---

[1] Accordingly, the parties' arguments regarding joinder under Fed. R. Civ. P. 19(a) are irrelevant. If GRDA cannot be joined in this action because of sovereign immunity, and the McCarran Amendment waiver does not apply in GRDA's absence, the United States necessarily must be dismissed because it has not consented to this Court's jurisdiction. There is no need to examine the separate issue of whether certain parties are necessary and indispensable under Rule 19(a) if the United States is automatically dismissed.

**DATED** this 21st day of July, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT